UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| **v.** | ) | No. 26-cr-10133-LTS<br>26-cr-10115-LTS |
| **NICOLO NOURAFCHAN**<br>**LORENZO NOURAFCHAN** | ) | |

## JOINT MOTION PARTIALLY ASSENTED TO AND PARTIALLY WITHOUT OBJECTION TO MODIFY CONDITIONS OF RELEASE AND REQUEST FOR EXPEDITED HEARING

Defendants Nicolo Nourafchan and Lorenzo Nourafchan, by and through undersigned counsel, jointly move this Honorable Court, pursuant to 18 U.S.C. § 3145(a)(2), to permit Lorenzo Nourafchan to use the proceeds from the sale of his business to pay for counsel for his brother, Nicolo, and to further amend two conditions of release relating to computer monitoring imposed by the United States District Court for the Central District of California. The conditions imposed in the Central District of California on each Defendant are attached hereto as Exhibits A and B. The defendants further request that the Court schedule an expedited Zoom hearing (they are both in California) in order to determine these time-sensitive matters. The relevant conditions are as follows:

> 11. Do not sell, transfer, or give away any asset valued at $10,000 or more without notifying and obtaining permission from the Court, *except attorney fees* (emphasis added).
>
> 21. Possess and use only those digital devices, screen usernames, email accounts, social media accounts, messaging applications and cloud storage accounts, as well as any passwords or passcodes for all such digital devices and accounts, that you disclosed to Supervising Agency upon commencement of supervision. You must disclose any new devices, accounts, applications, passwords, or passcodes to Supervising Agency prior to the first use. A digital device is any electronic system

> or device that can access, view, obtain, store, or transmit digital data. In order to determine compliance, you agree to submit to a search of your person and property, including digital devices, by Supervising Agency, which may be in conjunction with law enforcement.
>
> 22. All digital devices will be subject to monitoring by Supervising Agency. You must comply with the rules and regulations of the of the Computer Monitoring Program and must pay the cost of the Computer Monitoring Program.

First, the defendants request that the Court allow Lorenzo Nourafchan to use proceeds from the sale of his business to fund legal fees for his brother, Nicolo Nourafchan. The source of these funds is not tainted by any allegation in this case, and the requested modification would not undermine any legitimate pretrial release purpose.[1] The Government takes no position on this request. The request is based on the requirement of notice and consent in the current conditions of release, par 11, as to expenditures other than "attorney fees" and, to the extent there is any uncertainty as to whether Lorenzo Nourafchan can already pay "attorney fees" for his brother as well as himself, the undersigned is giving the Court notice and seeking either (1) the Court's consent, (2) a ruling that the current conditions permit such payment of "attorney fees" for his brother, or (3) a revision of the condition to expressly allow such payment. The purpose of the request is so Nicolo Nourafchan can retain counsel of his choice. **The Government has informed the counsel for Nicolo Nourafchan that it takes no position on this request and defers to the Court.**

Second, the digital device conditions are unnecessary and excessive as presently written. The defendants reside in California while this case is pending in Massachusetts. Their ability to

---

[1] The funds would come from the sale of the business, which are not proceeds of any allegation in this case. At most, they would be substitute assets, which cannot be restrained pretrial. *See United States v. Boyer*, 58 F. Supp. 3d 173, 175 (D. Mass. 2014) ("a majority of Circuit Courts of Appeals agree that § 853(e) does not authorize the government to restrain substitute assets prior to a conviction …").

communicate with counsel necessarily depends on electronic devices, email, messaging applications, cloud storage, and remote document exchange. Broad device searches, password disclosure requirements, and continuous computer monitoring risk intruding on privileged attorney-client communications and work product. These conditions are not narrowly tailored to any demonstrated risk and impose substantial burdens on the defendants' ability to assist in their defense. **The Government has assented to this request to the extent of having Nicolo Nourafchan obtain a newly set-up email address for the sole purpose of facilitating his communicating in confidence with the undersigned or other attorneys working jointly with the undersigned and counsel has agreed to provide Pretrial Services with the email address so it is treated by Pre-Trial Services separate from other pre-existing accounts.**

**WHEREFORE**, the defendants respectfully request that this Court allow this motion and modify their conditions of release accordingly.

Respectfully submitted,

Nicolo Nourafchan,
By his attorney,

**/s/ Martin G. Weinberg**
Martin G. Weinberg
Mass. Bar No. 519480
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 227-3700
owlmgw@att.net

Lorenzo Nourafchan,
By his attorneys,

**/s/ Steven C. Boozang**
Steven C. Boozang
Mass. Bar No. 659216
490 Washington Street
Dedham, MA 02026
(781) 251-9991

**/s/ Vicki I. Podberesky**
Vicki I. Podberesky
Andrues / Podberesky
818 W. 7th Street, Suite 960,
Los Angeles, CA 90017
(213) 395-0400

## CERTIFICATE OF SERVICE

I, Martin G. Weinberg, hereby certify that on this date, May 12, 2026, a copy of the foregoing document has been served via Electronic Court Filing system on all registered participants.

**/s/ Martin G. Weinberg**
Martin G. Weinberg